**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Miguel ROMAN–HERNANDEZ, also known as Filemon Roman–Hernandez, Defendant–Appellant.**

No. 06–40230.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 15, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Michael L. Herman, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM: *

Miguel Roman–Hernandez (Roman) appeals the sentence he received for illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326. Roman argues that this court should vacate his sentence and remand his case for resentencing because the district court failed to indicate that it considered the factors set forth in 18 U.S.C. § 3553(a) when it imposed its sentence, as he believes is required by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Roman's argument is unavailing. Because Roman's sentence was within a properly calculated guidelines range, this court infers that the district court considered all the factors for a fair sentence set forth in the Guidelines. *See United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006); *United States v. Mares,* 402 F.3d 511, 518–19 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005).

Roman also challenges the constitutionality of § 1326(b) in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Roman's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Roman argues that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Roman properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.